23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Carlyle B. HARRIS, et al., Plaintiffs,
Larry Delano Coleman, Attorney-Appellant,
v.
COLUMBUS BOARD OF EDUCATION, et al., Defendants-Appellees.
 No. 93-3825.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1994.
 
 1
 Before: KEITH and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Larry Delano Coleman, an attorney representing himself, appeals a district court judgment imposing Fed.R.Civ.P. 37 sanctions against him in the amount of $2,228.23. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Originally, Coleman represented two plaintiffs, Carlyle Harris and Ethel Baldwin, who charged the defendants, the Columbus Board of Education, the Columbus Education Association (CEA), and various administrators, with employment discrimination on account of their age, sex, race and handicap. During the course of the litigation, CEA moved for discovery sanctions under Fed.R.Civ.P. 37 because Coleman had failed to answer interrogatories and failed to appear at depositions. A hearing was scheduled on CEA's motion and on March 7, 1989, the magistrate judge issued an order granting CEA $2,040.03 for attorney's fees, $103 for service of process and $85.20 for court reporter fees, for a total of $2,228.23.
 
 
 4
 CEA sought and obtained summary judgment in its favor in March of 1989. Thereafter, on January 12, 1993, judgment was entered in favor of CEA and against both plaintiffs for attorney's fees and expenses in the amount of $28,494.65, pursuant to 42 U.S.C. Sec. 1988. CEA then sought to have its Rule 37 award against Coleman be reduced to a judgment. On June 30, 1993, the district court granted CEA a judgment against Coleman for $2,228.23, with interest from March 7, 1989.
 
 
 5
 In his timely appeal, Coleman argues that the district court abused its discretion in imposing Rule 37 sanctions against him because the sanctions and the Sec. 1988 award of fees against his clients are duplicative to the extent the Sec. 1988 award includes attorney's fees for which he is also required to pay as a part of his Rule 37 sanctions. Coleman also argues that the Sec. 1988 judgment against his clients bars entry of the Rule 37 judgment against him under the doctrine of res judicata.
 
 
 6
 Coleman's arguments challenging the Rule 37 sanctions are not cognizable on appeal because Coleman did not challenge the amount of the Rule 37 sanctions in the district court at any point in the litigation. Coleman did not challenge the amount of fees when the district court initially imposed the sanctions for failure to attend scheduled depositions; rather, he challenged the sanctions on the ground that his conduct did not warrant any sanction under the rule. After CEA obtained a judgment against the plaintiffs for attorney's fees and expenses pursuant to 42 U.S.C. Sec. 1988, CEA sought to have its award under Rule 37 be reduced to a judgment. Remarkably, Coleman did not oppose this motion on any ground. Thus, because Coleman did not raise any argument challenging the amount of the sanctions in the district court, he cannot seek to have this court review his challenge to the amount of the award for the first time on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993).
 
 
 7
 Nonetheless, Coleman's arguments are unpersuasive. Although the awards may be duplicative in small part, as the parties seem to concede, Coleman is not the real party in interest to complain because he had already been held liable for the fees (albeit not yet by a separate judgment) before the Sec. 1988 fee award was imposed against his clients. If anyone has standing to complain, it is his clients who were directed to pay the fees after their attorney had been directed to do so three years earlier as part of his Rule 37 sanctions. Having chosen not to maintain an appeal and argue that they should not be held liable for a portion of the fees that their attorney was supposed to pay, the clients are relegated to seek a possible set-off or contribution from Coleman, in the event the defendants seek the full amount from them. (The court notes that one of the plaintiffs, Carlyle Harris, did file a pro se appeal in case no. 93-3002 from the underlying grant of summary judgment, but it was ultimately dismissed for want of prosecution.) Nonetheless, as far as this appeal is concerned, brought only by the attorney, Coleman simply cannot show that he was injured by the Sec. 1988 award or the separate entry of judgment based on a duplication of fees argument. His lack of standing is even more apparent when one realizes that he would have no basis for an argument if the district court had not ordered his clients to pay the Sec. 1988 attorney's fees. Again, it is his clients and not Mr. Coleman who have been facially injured in this case; Mr. Coleman has no standing to raise his duplicative fee argument on appeal. See generally Michigan v. United States, 994 F.2d 1197, 1203 (6th Cir.1993) (standing requires party to be injured in fact by challenged action).
 
 
 8
 Reducing the Rule 37 sanctions to judgment was not barred by the doctrine of res judicata. Coleman makes much of the fact that the Rule 37 sanction was reduced to judgment after the Sec. 1988 attorney's fees were awarded, thus claiming that he should not have to pay because his clients were directed to pay the fees pursuant to the previously imposed judgment. Coleman completely ignores the fact that he had already been held liable for the fees several years before the Sec. 1988 fee award was entered. Res judicata did not bar reducing the monetary award to judgment. Under the doctrine of res judicata, a final judgment on the merits bars relitigation of all claims that are based on the same cause of action. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). Unlike the sanctioning award, the Sec. 1988 fee award was apparently based on the frivolous nature of the plaintiffs' civil rights case. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978). On the other hand, the Rule 37 sanction was imposed as a direct result of Coleman's failure to comply with the discovery rules. The sanction is no more barred than if the award had been made under Fed.R.Civ.P. 11. As the Supreme Court stated in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 396 (1990), "Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate." The entry of judgment on the previously imposed Rule 37 sanctions was simply not barred under the doctrine of res judicata.
 
 
 9
 Accordingly, we hereby affirm the district court's judgment.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation